Amos Hilton & another *vs.* Silas W. Merrill.

A contract between A. and B., for A. to advance money to B. to be spent in erecting houses on A.'s land, and convey the land to B., or whomever he may designate, for a certain price per foot and the amount of the advances, with interest; and for B. to erect the houses, and purchase the land, or find a purchaser for it, on those terms, within a certain time; subjects the estate to a mechanic's lien under the Gen. Sts. *c.* 150, in favor of one who performs labor in erecting the houses in the employment of a person whom B. employs to build them.

Petition by Amos Hilton and Lezin V. Potier, to enforce a mechanic's lien under the Gen. Sts. *c.* 150. It was agreed that the respondent was and continues to be the owner in fee simple of the land described in the petition, consisting of four adjoining lots fronting on West Newton Street in Boston, and that he entered into a written contract, dated August 23, 1869, with Charles P. Herrick in relation to them, the material parts of which are as follows:

" I, Silas W. Merrill, being the owner in fee of certain lots of land," describing the lots in question, " hereby covenant and agree to and with Charles P. Herrick, to advance to him $4000 on each of the lots aforesaid, to be expended and applied as hereinafter specified, by said Herrick, in erecting and constructing a block of four brick houses on the said lots, to wit, $1000 when the foundation is in, $2000 when the second floor of said block is on, $3000 when the roof thereof is on and slated and window frames set, $5000 when the plastering is on and windows all in, $5000 when the whole of said block of four brick houses is completed. I further covenant and agree to and with said Herrick, to sell and convey the aforesaid lots with houses thereon, or any one of said lots with house thereon, to said Herrick, or any person or persons whom he may designate, by good and sufficient deed or deeds, when said Herrick shall pay or cause to be paid to me the sum of $1.50 per square foot for said lot or lots of land, with interest on the same at the rate of seven per centum per annum from August 23, 1869, and also pay or cause to be paid the sum or sums of money advanced to said Herrick as aforesaid, paying interest therefor at the rate of seven per centum per annum on

the amount of such advancements from and after the respective dates of said advancements. I also covenant and agree not to sell and convey to any person or persons other than said Herrick or those whom he may designate, for the space of nine months from and after the date hereof."

" And I, the said Herrick, hereby covenant and agree to build, construct, erect and finish a block of four brick houses, on said four lots of land, said houses to be equally as good as those built by " another person named, on the same street, " and to be completed on or before February 1, 1870. I also agree to accept and take the advancement of $4000 on each of the lots, as aforesaid, and pay the interest as aforesaid. I further agree to purchase, or find a purchaser or purchasers for said lot or lots of land with houses thereon, within nine months from and after the date hereof, at the price or on the terms above specified, and also to effect an insurance on the block of houses as shall cover all advancements made me by said Merrill, the same being made payable to him."

" It is further agreed between the parties, that all liens, if any, shall be discharged before said Herrick shall be entitled to the above payment."

It was further agreed " that Herrick proceeded under said contract to erect a block of four houses on the land, and employed William F. Badger to erect the stairs in said houses; that Badger employed the petitioners to perform labor in the erection of the stairs, and there is due to Hilton $142, and to Potier $79.75, for said labor performed at the date alleged in the petition," to wit, between March 19 and April 26, 1870; " and that the petitioners have complied with the provisions of the statute regulating the preservation and enforcement of liens."

Upon these facts the superior court ordered judgment for the respondent, and the petitioners appealed.

*W A. Munroe*, for the petitioners.

*C. T. Russell*, for the respondent.

MORTON, J. Our statutes provide that any person to whom a debt is due for labor performed in the erection, alteration or repair of any building or structure upon real estate, by virtue of an agreement with, or by consent of, the owner of such building or

structure, shall have a lien upon such building or structure, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt so due to him. Gen. Sts. *c.* 150, § 1.

In *Parker* v. *Bell*, 7 Gray, 429, it was held that a plasterer, employed by a builder who had made a written contract with the owner of land to erect a house thereon, was entitled to a lien for the debt due him for his labor, upon the building and land. This was upon the ground that the owner of the land, by his contract with the builder, empowered him to employ, in the execution of his contract, the necessary workmen; and that the labor of the workmen was performed by the consent of the owner, necessarily implied from the contract under which the house was built.

The principle of this case governs the case at bar. The contract between Herrick and the respondent was not a mere agreement, as was the case in *Hayes* v. *Fessenden, ante*, 228, for the sale of land to Herrick. By it, the respondent agreed to advance money to Herrick to be expended and applied in erecting houses upon the land, and to convey the land and houses to him upon payment of the amount agreed upon; and Herrick agreed to erect the houses, and pay the agreed amount, and purchase the land and houses within a specified time. It was within the contemplation of the parties, and indeed was the principal purpose of the agreement, that Herrick should proceed and erect houses upon the land of the respondent. The houses, while in process of erection, became the property of the respondent, and remained his property until a conveyance by him. By implication from the contract, he authorized Herrick to employ, either directly or through sub-contractors, the necessary workmen to erect the houses; and the labor of the workmen thus employed was performed by his consent within the intendment of the statute.

The petitioners are thus brought strictly within the provisions of the statute. A debt is due to them for labor performed in the erection of a building by consent of the owner of such building, and they are entitled to maintain their petition. *Weeks* v. *Walcott*, 15 Gray, 54. *Mulrey* v. *Barrow*, 11 Allen, 152. *Clark* v. *Kingsley*, 8 Allen, 543. *Judgment for the petitioners.*