## ANDREW J. PERKINS *vs.* CHARLES H. DAVIS.

Essex. Nov. 4, 1875. — June 26, 1876. COLT, MORTON & LORD, JJ., absent.

A. made an oral contract to sell land to B., and gave him immediate possession thereof. B. soon after made a contract with C. to repair and enlarge the buildings on the premises. After this, A. gave B. a deed of the land, and at the same time B. gave A. a mortgage upon it, both being dated as of the day when the parol contract of sale was made. C. began work under his contract before the deed and mortgage were given, and continued the work afterwards. *Held,* that, on these facts, a judge, who tried the case without a jury, might properly find that the seisin of B. was instantaneous, and rule that A.'s right under the mortgage took precedence of C.'s lien.

WRIT OF ENTRY to recover possession of a parcel of land in Lawrence. Plea, *nul disseisin.* At the trial in the Superior Court, before *Brigham,* C. J., without a jury, the following facts were found:

In April, 1869, the demandant, who then owned the demanded premises, and Sarah O. Adams, made an oral contract for the sale and purchase of them, and Adams entered into possession and so continued until January 1, 1870, and on June 12, 1869, the demandant executed and delivered to her a deed, in which the consideration was stated to be $3200, and she executed and delivered to him a mortgage deed of the premises, in which

the consideration was stated to be $2900. Both of these deeds were dated April 22, 1869, and acknowledged and recorded on June 12, 1869. They were so dated because the contract for the sale and purchase of the premises was then made, and with a view to the taxation of the estate. On April 29, 1870, the demandant foreclosed the mortgage made to him by Adams, for a breach of the condition thereof.

While Adams was in possession of the premises, in May, 1869, she made a contract with one Henry J. Couch, to repair or enlarge the buildings on the demanded premises, and Couch performed labor and supplied materials for those purposes, beginning in May, 1869, and ending on March 1, 1870. On March 2, 1870, he filed in the office of the clerk of the city of Lawrence a certificate of such contract, performance of labor and supply of materials, and of his intention to claim a lien therefor on the demanded premises; and on June 30, 1870, on a petition duly filed in the Superior Court to enforce the lien, judgment was entered for the petitioner, and a sale of the demanded premises was ordered, to satisfy the judgment. On August 27, 1870, under this order, the premises were sold to the tenant, and a deed made to him the same day.

On these facts and their legal effect, the judge ruled that the demandant was entitled to recover, and ordered judgment for him; and the tenant alleged exceptions.

*C. G. Saunders*, for the tenant.

*W. S. Knox*, for the demandant.

AMES, J. As, by the consent of the parties, this case was tried by the court without a jury, the rulings of the presiding judge upon matters of law only are open to examination in this court; but his findings upon matters of fact are conclusive, and cannot be here revised. It appears from the bill of exceptions that the conveyance of the lot of land from this demandant to Sarah O. Adams, and her mortgage deed of the same to him for what appears to have been about nine tenths of the purchase money, both occurred on the same day, and were acknowledged and recorded on the same day. This fact is an indication that the two instruments really constituted but one transaction; and the presiding judge may be supposed to have found that (as against the mortgagee) they gave to Mrs. Adams only an instan-

taneous seisin, so that all incumbrances to which she could subject the property would apply only to her equity of redemption. There is nothing in the facts reported that justifies us in holding that the grantor was to advance money, or give credit on the sale, to enable her to build a house on the land. The case therefore does not come within the rule laid down in *Hilton* v. *Merrill*, 106 Mass. 528. The deed, although dated back, could only take effect from its delivery, which was after the date of the building contract. But the difficulty with the tenant's case lies in the nature and extent of the title which Mrs. Adams acquired by the conveyance in the land conveyed. We must suppose that the deeds exchanged by the parties were in conformity to the terms of their unwritten contract. If, under the conveyance, Mrs. Adams only held an equity of redemption, it was not in her power to create any incumbrance or lien upon the estate that could take precedence of the mortgage, except with the consent of the mortgagee. Of such consent we have no evidence. It follows from this view of the case that the demandant, who claims under that mortgage, has the older and better title, and that the tenant's                    *Exceptions must be overruled.*