JEREMIAH CAREW & another vs. SAMUEL STUBBS.

Suffolk.　November 12, 1891. — February 25, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Notice.*

Under an agreement for the purchase of land, by the terms of which the owner is to advance money for a house, which the purchaser is to begin to build thereon by a certain date, and when the foundations are in he is to convey the land to the purchaser and take back from him a mortgage for the price of the land and the advances, such purchaser has authority to create a mechanic's lien on the land for labor and materials for the building between the date of the agreement and the delivery of the deed and mortgage.

An agreement for the purchase of land provided that the seller should advance money for the erection of a house, which the purchaser was to begin to build thereon by a certain date; and that, when the foundations were in, the purchaser, upon the conveyance of the land to him by the seller, should give a mortgage back to him for the price of the land and the advances. Under separate contracts, each for a round sum, made by the purchaser for labor and materials in furnishing stonework and plumbing for the house, some of the labor under both was performed before the deed and mortgage, which were parts of one transaction, were delivered, but no materials were furnished until afterwards. The stonework was completed, but not fully paid for. The plumbing, which under the contract was to be paid for in instalments as the work progressed, was not complete when work thereon was stopped, the labor and materials furnished being however in excess of the payments. *Held*, that mechanic's liens could be maintained for labor and materials furnished under both contracts, although no notice was given to the seller of an intention to claim a lien under either contract. ALLEN, HOLMES, & KNOWLTON, JJ., dissenting.

PETITION to enforce a mechanic's lien, under the Pub. Sts. c. 191, for labor and materials furnished in the erection of a house in Boston. The case was submitted to the Superior Court, and, after judgment for the respondent, to this court, on appeal, upon agreed facts, in substance as follows.

On or about January 10, 1889, one Nason, then the owner of a parcel of land in Boston, entered into an agreement, under seal, dated December 28, 1888, with the respondent Stubbs, by the terms of which Nason agreed to sell and the respondent to buy a lot of land in Boston, the respondent to begin the erection of a house on the land on or before January 5, 1889, and Nason to advance to him the sum of $9,000 for the purpose of building.

Nason to convey the land to the respondent when the foundations of the house were in, and the respondent to give Nason a mortgage thereon to secure him for the price of the land and the advances made. Early in January, 1889, but subsequently to the 10th, the respondent began the erection of a building on the land described in the agreement, and in pursuance of the same. On February 1, 1889, the petitioner Carew entered into an oral contract with Stubbs to furnish and cut all the freestone necessary for the building for $835, of which $815 is now unpaid. Work and material have been furnished under the contract to an amount beyond the payment. On February 9, 1889, the petitioner Hayes also entered into an oral contract with Stubbs to furnish the plumbing and gas-fitting necessary for the building, including both labor and material, for the sum of $800, to be paid in instalments from time to time as the work progressed. Work and material have been furnished under the contract to an amount beyond the payments. Both Carew and Hayes commenced work under their respective contracts before February 15, 1889, when the deed and mortgage hereinafter mentioned were given; but neither of them furnished any materials until after that date, the work referred to not being done on the premises, but at the places of business of the petitioners. A certificate of lien was filed on September 20, 1889, by Hayes, to secure the sum of $288.17, claimed as a balance for labor and material, he not then having fully completed his contract, but having received $363.83 on account; and on September 27, 1889, a certificate of lien was also filed by Carew, to secure the sum of $815, claimed as the balance for both labor and material, he having received $20 on his contract. On October 22, 1889, Carew commenced this action, and on November 19 following Hayes was admitted as a party therein.

By deed dated December 28, 1888, but acknowledged February 1, 1889, and delivered February 15, 1889, Nason conveyed the land to Stubbs according to the agreement; and Stubbs gave a mortgage back to Nason to secure the price of the land, and the money to be furnished by Nason to Stubbs according to the agreement, which mortgage was also dated December 28, 1888, but was not acknowledged until February 15, 1889. The deed and mortgage were parts of one and

the same transaction, and were both recorded simultaneously with their delivery and with each other. Carew ceased to furnish labor and material under his contract on August 29, 1889 ; and Hayes ceased to furnish labor and material under his contract on the same day. No notice was given by either petitioner that he intended to claim a lien for material. Nason, on October 3, 1889, sold the premises described in the mortgage under a power therein, for breach of the conditions thereof, to one Jewett, who purchased the same at the sale, in good faith; and Nason has conveyed the premises to Jewett by deed duly recorded.

If either Carew or Hayes was entitled to maintain a lien upon these facts, the case was to be sent to an assessor to assess the damages.

The case was argued at the bar in November, 1891, and afterwards was submitted on the briefs to all the judges.

*E. J. Hadley & A. H. Russell,* for the petitioners.

*G. W. Estabrook,* for the respondent.

LATHROP, J. The first question which has been argued in this case is whether Stubbs had, by his contracts with Hayes and Carew, any authority to create a lien upon the estate which Nason then held in the land. We have no doubt that he had such authority. On January 10, 1889, Nason and Stubbs entered into an agreement, dated December 28, 1888, by the terms of which Nason agreed to advance to Stubbs $9,000 for the purpose of building a house on a lot of land then owned by Nason. Stubbs was to begin the house on January 5, 1889, and Nason was to convey it to him when the foundations thereof were in, taking back a mortgage for the price of the land and the advances. The deed and mortgage were not delivered until February 15, 1889, and the contracts with the petitioners were made between the time the agreement was entered into and the delivery of the deed.

By implication Nason authorized Stubbs to employ the necessary workmen to build the house, and to procure the necessary materials; and the labor and materials thus contracted for were procured with the consent of Nason, within the Pub. Sts. c. 191, § 1. *Hilton* v. *Merrill,* 106 Mass. 528. *Smith* v. *Norris,* 120 Mass. 58. *Worthen* v. *Cleaveland,* 129 Mass. 570.

The case of *Ettridge* v. *Bassett*, 136 Mass. 314, upon which the respondent relies, is clearly distinguishable. In that case the agreement, the deed, and the mortgage took effect on the same day; and it was expressly found that, although there was a previous oral agreement between the parties, the person with whom the owner of the land made the agreement was not authorized to do any work upon the land until the land was conveyed.

The case of *Perkins* v. *Davis*, 120 Mass. 408, is also distinguishable. It was there held that, if an owner of land merely agrees to sell it, and allows the person who has agreed to buy to take possession, he does not thereby authorize such person to impose a lien on the land; and the case is carefully distinguished in the opinion from that of *Hilton* v. *Merrill, ubi supra.*

The Pub. Sts. c. 191, § 5, provide that "The lien shall not avail or be of force against a mortgage actually existing and duly recorded prior to the date of the contract under which the lien is claimed." It is the necessary implication of this section that the lien shall attach, and have priority over mortgages created after such a contract. *Dunklee* v. *Crane*, 103 Mass. 470. *Batchelder* v. *Rand*, 117 Mass. 176.

And, when labor is performed or materials are furnished under a contract made with the consent of the owner of the land, the lien takes priority of a mortgage made subsequently to the contract, although the labor is not performed or the materials furnished until after the making of the contract. *Dunklee* v. *Crane, ubi supra*, and cases cited.

The question remains whether the liens of the petitioners can be enforced, inasmuch as no notice was given to Nason. Section 3 of c. 191 provides that "No lien shall attach for materials furnished, unless the person furnishing the same before so doing gives notice in writing to the owner of the property to be affected by the lien, if such owner is not the purchaser of such materials, that he intends to claim such lien."

The mortgagee in this case derives his title through Nason. No materials were furnished by the petitioners until Nason ceased to be the owner of the land. Although the deed and mortgage were parts of the same transaction, so that Stubbs had only an instantaneous seisin, and could not by a contract sub-

sequently made impose a lien upon more than his interest in the land, yet Nason did not remain the owner of the land. Changing slightly the language of Mr. Justice Colburn in *Ettridge* v. *Bassett, ubi supra,* "He was only a creditor holding a lien under the mortgage, and, since the mortgage was given, has never acquired any title except under it and its foreclosure. He could in no legal sense be held to be in the position of an owner." If materials had been furnished while Nason was the owner of the land, he would undoubtedly have been entitled to notice. *Ellenwood* v. *Burgess,* 144 Mass. 534, 540. But as they were not furnished until Stubbs, the purchaser, became the owner, no notice to Nason was necessary. *Whitford* v. *Newell,* 2 Allen, 424. *Gale* v. *Blaikie,* 126 Mass. 274.

As no question is made as to the completion of his contract by Carew, a majority of the court is of opinion that he is entitled under the agreement of the parties to have his case sent to an assessor to assess his damages.

The case of Hayes differs in some respects from that of Carew. When he stopped work he had not fully completed his contract. Although the contract was for a round sum, he was to be paid as the work progressed, by instalments from time to time; and when he stopped work he had furnished work and material under his contract to an amount beyond his payments.

Under his contract, Hayes had the right to demand payment as his work progressed. Stubbs failed to perform his part of the contract; and we see no reason why Hayes is not entitled to enforce his lien for the work and materials furnished which have not been paid for. Both petitions, therefore, are to be sent to an assessor.

*Ordered accordingly.*

Justices Allen, Holmes, and Knowlton are of opinion that no lien can be claimed against Nason for materials furnished to Stubbs without notice to Nason, who was the owner when the contract was made; and that Nason's right is no less in this respect for the protection of his title after his conveyance of the property and his receipt of a mortgage back as a part of the same transaction.