ELLEN FARRELL, administratrix, *vs.* B. F. STURTEVANT
COMPANY.

Suffolk.   January 15, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.  *Practice, Civil,* Exceptions.  *Evidence,* Materiality.
Statute.

In an action against a building contractor for causing the death of the plaintiff's
intestate while in the defendant's employ, it appeared that the foreman of the
defendant ordered a carpenter employed by the defendant to move a gin pole or
derrick, used for hoisting floor beams, from a building which had been finished
to the third floor of another building in process of construction, that the plain-
tiff's intestate was one of a gang of six or seven men employed in moving this
pole, that after giving the order to the carpenter the foreman went away, and
the carpenter proceeded to move the pole and got it substantially in position
upon the third floor where it was to be erected, that, when with the assistance of
the plaintiff's intestate the carpenter was moving the foot of the pole a little,
the foot slipped and pushed over the plaintiff's intestate who fell one or two
stories, receiving the injuries from which he died.  *Held,* that the jury would
be warranted in finding that the carpenter had charge of moving and putting
up the pole, not as a workman, but as a superintendent acting as such with the
consent of the defendant in the absence of the foreman.

In an action against a building contractor for causing the death of the plaintiff's
intestate while in the defendant's employ, it appeared that the intestate was one
of a gang of six or seven men engaged, under the direction of a person who
could have been found to be acting as a superintendent, in moving a gin pole or
derrick to the third floor of a building in process of construction, that the pole
was substantially in position in the place where it was to be erected, that the
foot of the pole rested on some planks which had been placed upon the floor
beams a short time before, probably by the plaintiff's intestate and the others,
and the top of the pole rested against a roof timber, that the fall had been
taken from the pole and fastened to a roof timber to hoist the pole up, and
had to be fastened to the top of the pole again, that for this purpose it was
necessary to slide out the foot of the pole a little, that the superintendent and
the plaintiff's intestate were trying to do this and the superintendent di-
rected the plaintiff's intestate " to steady it, steady the bottom of it so it would
not slide," that, when in accordance with this direction the plaintiff's intestate
started to "move the bottom out," the pole "simply slipped and pushed him
out, pushed him over" and he fell one or two stories, receiving the injuries from
which he died.  The distance that the pole slipped was only "a couple of feet
at the bottom."  The plaintiff's intestate was an experienced carpenter and an
active, intelligent and careful workman.  *Held,* that, even if the plaintiff's in-
testate did not assume the risk of such an accident, there was no evidence that
the accident was due to any negligence on the part of the superintendent.

The exclusion of a competent question gives no ground for exception if the fact
sought to be established by the answer to the question sufficiently appears and

this court holds that the evidence warranted a finding for the excepting party on the issue to which the fact pertained.

In an action against a building contractor for causing the death of the plaintiff's intestate while in the defendant's employ by his being pushed from the third floor of a building in process of construction by the slipping of the foot of a gin pole or derrick which he was adjusting under the direction of a superintendent, if there is nothing to show that the superintendent did not have all the ropes necessary to move the gin pole, general questions by the plaintiff relating to the supply of ropes for hoisting purposes properly may be excluded.

A violation of R. L. c. 104, § 44, requiring temporary floorings to be laid during the construction of an iron or steel framed building, is not evidence of negligence in an action against a contractor constructing such a building for causing the death of an employee by his being pushed from the third floor of such a building by the slipping of the foot of a gin pole or derrick as he was adjusting it and falling to and through the second floor of the building on which no close plank flooring had been laid, as the violation of the statute was not a cause contributing to the accident but only a condition under which it occurred.

MORTON, J.   The defendant was engaged in erecting five buildings in Readville. It had as foreman a man named McNeil. McNeil directed one Scott, who was a carpenter, to move a gin pole or derrick from a building which they had finished to the third floor of another building. The gin pole was a stick of timber twenty-two to twenty-five feet long, four by six inches, and was to be used as a derrick for the purpose of hoisting up the floor beams. It had two guys on the back and one or two on the front to hold it in place, and a fall to be used for hoisting, and weighed all together between three and four hundred pounds. There were six or seven men, of whom the plaintiff's intestate was one, in the gang for moving the pole. After giving the direction McNeil went away and Scott proceeded to move the pole, and had got it on to the third floor and substantially into position, and, with the assistance of the plaintiff's intestate, was in the act of moving the foot a little, when the foot slipped and pushed the plaintiff's intestate over and he fell one or two stories, receiving injuries which resulted in his death. At the close of the plaintiff's evidence the judge directed a verdict for the defendant and the case is here on the plaintiff's exceptions.

We think that the jury would have been warranted in finding that Scott had charge of moving and putting up the pole, not as a workman, but as a superintendent or foreman in the absence of McNeil, with the authority or consent of the defendant. *Cashman* v. *Chase,* 156 Mass. 342. *Prendible* v. *Connecti-*

cut River Manuf. Co. 160 Mass. 131. McPhee v. Scully, 163 Mass. 216. Crowley v. Cutting, 165 Mass. 436. Knight v. Overman Wheel Co. 174 Mass. 455. Hilton v. Merrill, 106 Mass. 528. Smith v. Norris, 120 Mass. 58. But we do not see how it can be said that the accident was due to any negligence on his part. It is immaterial whether he was accustomed to move gin poles or not. The pole had been moved to the third floor without accident and was substantially, as we understand the evidence, in the position in which it was required to be. What happened was this : ·The foot of the pole rested on some planks which had been placed across the floor beams a short time before, " probably," as the testimony tended to show, " by Farrell himself and the others," and the top rested against a roof timber. The fall had been taken off and fastened to a roof timber to hoist the pole up with and· had to be fastened on to the top of the pole again. It was necessary to slide out the foot of the pole a little to do this. Scott and Farrell were trying to do that, and Scott directed Farrell " to steady it, steady the bottom of it so it wouldn't slide," and when Farrell started to " move the bottom out " as thus directed the pole " simply slipped and pushed him out, pushed him over." The distance that the pole slipped was short, " only . . . a couple of feet at the bottom." On this statement we do not see how, as already observed, Scott could be said to be at fault for what occurred, or how expert testimony would have helped to throw any light on the question whether he was negligent in undertaking to move the foot of the gin pole as he did. Moreover the intestate was forty-two years old and had always worked at his trade as a carpenter and was, as the testimony tended to show, " an active, intelligent man and a careful workman." The situation was as obvious and the danger, if any, of attempting to slide the foot of the gin pole along was as apparent to him, to say the least, as to Scott, and it may well be doubted whether he did not impliedly consent to the assumption of the risk.

No harm was done by the exclusion of the questions to the witness McNeil though they might properly have been admitted.* It sufficiently appeared at the close of the plaintiff's

* McNeil was called by the plaintiff, and the questions excluded were " What were Mr. Scott's duties in connection with this work which you told

evidence what Scott's duties were in connection with the moving of the gin pole, and from whom the men in the gang took and were to take their orders, and, as already observed, the evidence warranted a finding that Scott was acting as foreman with the defendant's consent in the absence of McNeil.

There was nothing to show that Scott did not have all the ropes necessary to move the gin pole, and therefore the general questions relating to the supply of ropes for hoisting purposes were properly excluded.

While the failure of the defendant to comply with the provisions of R. L. c. 104, § 44,* constituted a violation of law and contributed to render the conditions under which the plaintiff's intestate worked upon the building more hazardous, it was not a cause contributing to the accident but a condition of it and therefore did not render the defendant liable. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596.

The result is that the exceptions must be overruled.

*So ordered.*

*A. Lincoln*, for the plaintiff.

*W. I. Badger*, ( *W. H. Hitchcock* with him,) for the defendant.

---

him to do?" and From whom would the men in this gang, who were working on this work of getting up the pole, in the usual course of such work take their orders?"

* It appeared that the building was a steel frame building, three stories high, that the roof had been at least partially constructed, the roof timbers being laid, and that the carpenters on the day of the accident were engaged in putting in the floor timbers, none of the floors having been laid.

The plaintiff contended that the fact that the defendant acted in violation of law in failing to place and maintain a close plank flooring on the first and second floors before adding the third story to the building as required by R. L. c. 104, § 44, was evidence of negligence which contributed to the injuries sustained by Farrell and should have been submitted to the jury, that the object of the statute is to prevent a workman from falling through floors, and that it was for the jury to say how much the injuries and subsequent death of Farrell were caused or affected by his falling through the second floor.