## FRANK SMITH *vs.* WILLIAM MINNICK.

Cumberland.    Opinion February 17, 1896.

*Auditor.   R. S., c. 82, § 69.*

Where the plaintiff sues upon an account annexed for work done and materials furnished, and the defense set up is that there was a special contract for a specific sum, the auditor is authorized to determine whether or not the work was done and materials furnished under such contract.

An auditor is authorized to consider and determine such questions of fact as are necessarily involved in stating the accounts and which are essential to a correct determination of the matters submitted by the court.

ON EXCEPTIONS.

This was an action of assumpsit on account annexed to recover the sum of $381.82, balance claimed to be due for labor and materials furnished by plaintiff in building a house for defendant

in Westbrook in the summer of 1893. The case was tried in the Superior Court for Cumberland county.

Plaintiff declared on account annexed in usual form with itemized statement of labor and materials.

The action was sent to an auditor by the court under a commission containing the usual clause, "to hear the parties and examine the vouchers and proof and to state the accounts in said case and make a report thereof to this court."

After hearing the parties and their witnesses, the auditor stated the accounts annexed to the writ as required by statute, and reported the same to the court.

At the trial of the case, among the items of evidence offered by the plaintiff was so much of the auditor's report as stated the accounts.

The auditor further found and reported to the court as follows :

"From all the evidence in the case, I find that there was a special verbal contract between the parties, by which the plaintiff agreed to build the house and ell according to the plan upon which it was in fact built, for the sum of $1450, and was to receive pay for such extra labor and material, as he might furnish in making changes or additions to such plan after agreement therefor with the defendant, and that such changes and additions as were so made, amounted to $130.50, making of total for contract price and extras of $1580.50.

"Upon all the evidence in the case, I find that the house and ell described in plaintiff's writ, was built under a contract, as claimed by the defendant, and that plaintiff was entitled to receive therefor the contract price of $1450, and the amount of his bill of extras of $130.50, amounting to $1580.50, and that he has in fact received by payments to or for him the sum of $1778.10, and accordingly, I find and so report, that at the date of the writ in this case, there was nothing due from the defendant to the plaintiff."

At the trial of the case before the jury, the defendant offered the foregoing portions of the auditor's report in evidence, wherein he found that there was a special verbal contract between the parties for building said house and ell, etc.

The plaintiff objected to the admission of the same in evidence, upon the ground that all said matters were matters in defense and went in bar of plaintiff's suit, and were beyond the power and authority of the auditor, as conferred upon him by the statute and specified in the commission to him.

The presiding justice admitted the same, subject to the plaintiff's objections.

To all these admissions and rulings the plaintiff excepted.

Verdict was for the defendant.

*M. P. Frank and P. J. Larrabee*, for plaintiff.
*William Lyons*, for defendant.

SITTING : WALTON, FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J.    By R. S., c. 82, § 69, the court, in proper cases "may appoint one or more auditors to hear the parties and their testimony, state the accounts, and make a report to the court upon such matters therein as may be ordered by the court."

It is within the power of an auditor to hear the parties and such testimony as may be presented bearing upon the issues involved ; to summon witnesses and compel their attendance.

As incident to his duty he has power to pass upon the facts in controversy, and settle them so far as may be necessary to ascertain the correctness of any debit or credit claimed by either party. *Howard* v. *Kimball*, 65 Maine, 308, 328.    He is authorized to consider and determine such questions of fact as are necessarily involved in stating the accounts and which are essential to a correct determination of the matters submitted by the court.    In doing this he may, if it becomes necessary, determine whether or not there was a special agreement between the parties in reference to the subject matter even though such agreement, if found, would defeat a right of action, or defense.

Thus, an auditor is authorized to consider and determine whether an individual was the authorized agent of one of the parties, when the action is upon an account for goods sold

(*Locke* v. *Bennett*, 7 Cush. 445) ; to allow or disallow notes or vouchers which enter the account between parties (*Barnard* v. *Stevens*, 11 Met. 297) ; to determine whether a corporation was "in funds" where it had accepted a draft conditionally (*Gould* v. *Norfolk Lead Co.* 9 Cush. 338) ; or, whether there was a special agreement, in a suit to redeem a mortgage, between mortgagor and mortgagee, to treat the principal and accrued interest as a new principal upon which interest should thereafter be computed (*Quimby* v. *Cook*, 10 Allen, 32) ; or, in a suit to enforce a lien, to determine whether petitioner's certificate was seasonably filed, whether he has wilfully claimed more than was due, and all matters of fact bearing upon the question of the lien (*Corbett* v. *Greenlaw*, 117 Mass. 167).

Where the plaintiff sues upon an account annexed for work done and materials furnished, and the defense set up is that there was a special contract for a specific sum, the auditor is authorized to determine whether or not the work was done and materials furnished under such contract. *Lowe* v. *Pimental*, 115 Mass. 44.

In the case at bar, the suit was upon an itemized account for labor done and materials furnished and the defense was that there was a special contract under which the labor was performed and materials furnished. The auditor so found, and that at the date of the plaintiff's writ there was nothing due from the defendant to the plaintiff.

This was clearly within his province, notwithstanding it defeated the plaintiff's right to recover.

*Exceptions overruled.*