THOMAS CORBETT *vs.* BENJAMIN F. GREENLAW & others.

Suffolk. Nov. 17, 1874. — Feb. 3, 1875. WELLS & DEVENS, JJ., absent.

An auditor to whom a petition to enforce a lien under the Gen. Sts. *c.* 150, is referred, to hear the parties, examine their vouchers and state the accounts, has authority to determine whether the petitioner's certificate was seasonably filed, whether he has wilfully claimed more than was due, and all matters of fact legitimately involved in the question of the lien.

At the trial of a petition to enforce a lien under the Gen. Sts. *c.* 150, it appeared that the petitioner's statement filed in the office of the city clerk omitted to give credit for certain sums which had been paid on account of the work done. The respondent requested the judge to instruct the jury that if the plaintiff knowingly omitted such moneys from his statement, they would be justified in finding that he wilfully and knowingly claimed more than was due. The judge instructed the jury that if the petitioner knowingly omitted such moneys from the credits given in his statement of accounts, the jury would be authorized to consider this fact as bearing upon the question whether he wilfully claimed more than was due. *Held,* that the respondent had no ground of exception.

On the trial of a petition to enforce a lien under the Gen. Sts. *c.* 150, it appeared that a third party had agreed to advance money to the owner to pay for the erection of the building, and offered to the petitioner to withhold a certain sum when due and to pay it to the petitioner, who declined the offer, and directed it to be paid to the owner, which was done. The respondent requested an instruction to the jury that on this evidence the sum so paid to the owner should be allowed as a credit. *Held,* that it was for the jury to say whether the owner authorized the offer.

A contract to perform labor upon a building which the employer does not own at the time of the contract, but which is conveyed to him before the work is begun, subjects the estate to a mechanic's lien under the Gen. Sts. *c.* 150, if the work is afterwards done by the employer's consent, and while he is owner.

PETITION to enforce a lien under the Gen. Sts. *c.* 150, for labor performed in the construction of a block of six buildings on five lots of land on Shawmut Avenue, in the city of Boston.

The petitioner's statement of account was filed in the clerk's office of said city on April 25, 1872, and contained the following items :

B. F. Greenlaw to Thomas Corbett, Dr.

| | | |
|---|---|---:|
| April 12. | For laying 423,150 bricks at $6.50 per M | $2750.48 |
| | "        10,000 bats at $7.50 per M   . | 75.00 |
| | For one half surveyor's fee    .    . | 10.00 |
| | | $2835.48 |
| | Credit by cash   .    .    .    . | 1070.00 |
| | | $1,765.48 |

The case was referred by the Superior Court to an auditor, under a rule directing him "to hear the parties, examine their vouchers and evidence, and to state the accounts, and make a report thereof to the court." The auditor found that the work was done under a contract with the defendant Greenlaw as hereinafter stated; that the number of bricks laid and the prices charged were correct; that it was admitted that the item of $10 was not a lien upon the land, but the defendant did not rely upon this as an objection; that the certificate was seasonably filed; that the books of the petitioner were very imperfectly kept, and were very unsatisfactory; that the petitioner was doing work for Greenlaw at Mount Pleasant, at the same time this work was going on, and that certain payments which had been made were credited to that work instead of to this as they should have been; that the true amount of credits was $1392.54, leaving a balance due the petitioner of $1532.94; and that the petitioner's statement though in fact untrue was not corruptly so, and that the misstatement did not deprive the petitioner of his lien.

Trial in the Superior Court before *Bacon*, J., who allowed a bill of exceptions in substance as follows :

Upon the coming in of the auditor's report, and before the same was read to the jury, the respondents filed a motion in writing to recommit the report, or to strike out and not permit to go to the jury so much thereof as related to questions and matters not pertaining to the accounts, which motion the judge overruled.

· The petitioner testified that the labor was performed and furnished under and in pursuance of a verbal contract which he made with Benjamin F. Greenlaw, one of the respondents, on November 6, 1871, by which contract he was to lay the bricks for the houses described in his petition, at $6.50 per thousand, two thirds of

which was to be paid as the work progressed, and the remaining third in two months after the work was finished ; that the work was commenced on November 23, 1871, and performed under the contract, all of which was conceded.

It also appeared that Stephen M. Allen was the owner of the said five lots of land up to November 9, 1871, on which day Allen conveyed the five lots to Greenlaw by warranty deed, and on the same day Greenlaw mortgaged the same premises back to Allen, to secure the purchase money and sums of money in addition, to be by him advanced to Greenlaw for building purposes for the same, by six mortgage deeds, all dated November 9, 1871, which mortgages were recorded November 20, 1871. On November 9, Greenlaw also gave to the defendant, Floyd, six mortgages covering the said five lots subject to the Allen mortgages, which mortgages were recorded December 18, 1871, and nothing has been paid upon either of the mortgages. The petitioner did not claim to hold his lien against the Allen mortgages, but did against the Floyd mortgages. It appeared that the Floyd mortgages had been foreclosed, and the premises sold under them.

The petitioner offered in evidence the auditor's report, the respondents objected to the portions of the report relating to the time of the petitioner's ceasing to labor or furnish labor, and that portion which relates to petitioner's failure to give all just credits, being done wilfully, and knowingly and corruptly, and his finding that the misstatement does not deprive the petitioner of his lien, and all other portions of the report not relating to the account between the parties, or in explanation thereof ; but the judge overruled the objection, and permitted the whole report to be read to the jury.

The respondents put in evidence tending to prove that Allen had made a contract with Greenlaw to advance the money to pay for the labor in constructing the houses, and was so advancing, which fact was known to the petitioner, and that at one time the petitioner came to him and complained that Greenlaw did not pay him, and wanted to know of him, Allen, about his advancing any more money ; that he told the petitioner that he had made arrangements to advance $250 towards paying the labor the next Saturday night, and that he would withhold that, and pay it to the petitioner ; that the petitioner replied, " No, pay it to Green-

law," and that he did pay it to Greenlaw on that Saturday night. The petitioner testified that Greenlaw did not pay it to him, and he did not allow it as a credit.

The respondents also put in evidence tending to show that the petitioner ceased to labor or furnish labor on the buildings more than thirty days before the filing of his certificate in the city clerk's office, and also that he had been paid large sums of money for which he had given no credit in his statement of account, so filed in the clerk's office, and there was not due him the sum that he claimed.

The respondents requested the judge to instruct the jury as follows :

" 1. That the auditor's report was not *primâ facie* evidence as to the time when the petitioner ceased to labor or furnish labor upon said buildings, nor as to whether his failure to give all just credits in the statement of the account filed with the city clerk was done wilfully and knowingly, or corruptly, and as to the finding that the misstatement does not deprive the petitioner of his lien and as to all other matters therein contained, not relating to the statement of the account between the parties or in explanation thereof.   2. That if they find that the work was performed by virtue of a contract made with Greenlaw, before he received a deed of the land, the petitioner is not entitled to maintain this petition ; that he had no lien upon the premises for the labor so performed or furnished.   3. That if the petitioner knowingly omitted from the credits given in his statement of accounts, filed in the city clerk's office, moneys which he had received from Greenlaw on account of this work, they will be justified in finding that he wilfully and knowingly claimed more than was his due.   4. That if the jury find that Allen paid the $250 to Greenlaw, under the circumstances and in the manner testified to by Allen, it should be allowed by Corbett as a credit for the work, and deducted from the claim."

The judge declined to instruct the jury as requested, and submitted to them the three following questions, to be by them specially answered, viz. :

" 1. Did the petitioner perform or furnish any labor under his alleged contract, within thirty days previous to and including April 25, 1872 ? "   The jury answered, " Yes."

" 2. What is the amount which should be credited by the petitioner, as paid or received by him under his said contract ? " The jury answered, " $1342.54."

" 3. Did the petitioner wilfully and knowingly claim more than was his due in his certificate ? " The jury answered, " No."

The judge ruled that all the other questions raised were questions of law to be determined by the court, after the verdict of the jury answering these questions ; and instructed the jury that the auditor's report was *primâ facie* evidence upon all the questions upon which he had passed, as well as those relating to the time of ceasing the labor, and whether the credits were knowingly and wilfully omitted, and other matters not relating to the statement of the accounts, as upon the finding and statement of the account between the parties, and upon the third request ruled and instructed the jury, that if the petitioner knowingly omitted, from the credits given in his statement of accounts filed in the city clerk's office, moneys which he had received from Greenlaw on account of this work, the jury would be authorized to consider this fact as bearing upon the question whether he wilfully claimed more than was his due : and also that if the $250 was due from Allen to the petitioner and the petitioner told him to pay it to Greenlaw, it should be allowed ; but if Allen owed it to Greenlaw and could not pay it to Corbett, without Greenlaw's order, then it should not be charged to Corbett, and the jury should disallow the same.

To the admission of the said testimony against the respondents' objection, and the refusals of the judge to rule and instruct the jury as requested, and to the rulings given, the respondents alleged exceptions.

After the return of the verdict of the jury, the petitioner moved for a judgment and order of sale of the premises, and the respondents contended that under the said facts the petitioner had no lien upon the premises, but the judge ruled that the petitioner had a lien upon the premises as against Greenlaw and the Floyd mortgages, for the amount found due him by the jury in their answer to the second question. To this ruling the respondents alleged exceptions.

*R. I. Burbank & R. Lund,* for the respondents. 1. Under the rule to the auditor, he had no authority to hear and determine matters not strictly relating to a statement of the accounts. Gen. Sts. *c.* 121, § 46. *Jones* v. *Stevens,* 5 Met. 373. *Flint* v. *Hubbard,* 1 Allen, 252. The rule in this case was strictly in accordance with the powers given by the Rev. Sts. *c.* 96, § 25. And the fact that the St. of 1856, adopted in the Gen. Sts. *c.* 121, § 46, enlarged the powers of the court, so that they could refer questions other than the statement of the accounts, did not increase the power of the auditor unless the matters were expressly embraced in the rule or order sent to him, which was not done in this case. *Quimby* v. *Cook,* 10 Allen, 32.

2. The third prayer for instructions should have been granted. The auditor found that the petitioner omitted credits, and the payments were made to him under such circumstances that he must have known of and remembered them at the time of filing his certificate, especially the credit which the auditor finds he wrongfully credited to the Mount Pleasant work. It follows that if the jury found that he " knowingly " omitted them, they would be " justified " in finding that he also " wilfully," that is, intentionally, omitted them. The judge, in the instructions given, did not authorize the jury to give to the fact its full weight as evidence even, but led the jury to regard that fact as evidence of little or no weight, and as evidence upon which, and its attendant circumstances, which were in evidence before them, that they would not be at liberty to find that he wilfully omitted the credits.

3. If Allen paid the money to Greenlaw by the direction of Corbett, it should be allowed by Corbett, at least, as against the Floyd mortgages. Had Allen not been so directed to pay it, he would have paid it to the petitioner for his own protection, and also for Floyd's, so that the buildings should be completed and the mortgages made more valuable ; and he was thus induced to part with the money, which he otherwise would have held and seen properly applied.

4. The contract under which the labor was performed was made between Corbett and Greenlaw on November 6, 1871, and at that time, and up to the 9th day of the same month, Allen was the owner of the premises. It does not appear that Greenlaw had

contracted with Allen for the land at the time the contract was made. Allen made no agreement and gave no consent that would charge his interest in the land with any liability for any erections made upon it. At the time this contract was made, Greenlaw was not the owner of the premises, and had no interest in it. There was no contract between Allen and Greenlaw, authorizing Greenlaw to erect a building on the land. It is not contended that there was ever any contract between Corbett and Greenlaw after Greenlaw became the owner of the land. On the day that Greenlaw became the owner of the premises, he mortgaged the same to Floyd, as well as to Allen. Neither Allen nor Floyd had any notice of Corbett's contract. On this state of facts, no lien ever attached to the premises in favor of Corbett. *Hayes* v. *Fessenden,* 106 Mass. 228. To create a valid lien on the premises, the person whose agreement or consent is necessary for that purpose, must have the capacity to confer that right at the time of such agreement or consent. *Metcalf* v. *Hunnewell,* 1 Gray, 297. The lien attaches at the time of the making of the contract, if at all. Gen. Sts. *c.* 150, § 3. It could not then attach, as Greenlaw had no interest in the land on the day that Floyd's interest commenced in it, which was three days after Corbett's contract. . Floyd's mortgages were put on, and as no other contract or consent was ever made or given, no lien could ever attach, and the court should have held that the petitioner had no lien upon the premises.

*J. C. Crowley,* for the petitioner.

ENDICOTT, J. The respondents contended, before the auditor, that the petitioner had no lien, because his certificate was not filed in season, and also because he knowingly and wilfully claimed more than was due. He then made no objection to the consideration of these questions by the auditor. It may well be doubted whether he can object for the first time, when the report is read at the trial, that the auditor had no authority to pass upon them. See *Fair* v. *Manhattan Ins. Co.* 112 Mass. . But as an important question of practice is involved, we do not rest the decision on that ground.

It is well settled that an auditor is authorized to hear and determine all questions incidental to and necessarily involved in a statement of the accounts and which are essential for the correct

determination of the subject matter submitted to him. Gen. Sts. c. 121, § 46. Upon what questions he may pass depends upon the nature of the controversy, and varies with the exigencies of each particular case. He may allow or disallow promissory notes which enter into the account between the parties ; he may determine whether a person was the agent of the defendant to purchase the goods sued for ; he may report that the acceptor was in funds at a certain time ; he may, in stating the account, where a party seeks to redeem land from a mortgage, find an agreement to treat principal and interest as a new debt, on which interest may be computed thereafter. Locke v. Bennett, 7 Cush. 445. Barnard v. Stevens, 11 Met. 297. Gould v. Norfolk Lead Co. 9 Cush. 338. Quimby v. Cook, 10 Allen, 32. If a fact is pertinent to the inquiry, and necessary for its intelligent solution, he may pass upon it.

In proceedings to enforce a mechanic's lien, the inquiry is not merely to determine what is due from the respondent to the petitioner for labor and materials furnished, but what is due for which the petitioner can enforce a lien upon the land. When therefore the court, finding a careful examination of accounts necessary, in the exercise of its discretion, sends such a case to an auditor to hear the parties, examine their vouchers, and to state their accounts, those accounts are referred to and included in the order, which relate to the subject matter of the inquiry, and bear directly upon the question to what extent the plaintiff has a lien upon the premises. All matters of fact legitimately involved, and bearing upon the question of the lien, are within the scope of the auditor's authority to hear and determine. At the threshold of his investigation is the question, whether the certificate was seasonably filed. If not, the lien is dissolved, and there is no account to be stated. So if it is alleged that the petitioner has knowingly and wilfully claimed in his certificate more than is due, the proceedings are invalidated and the lien cannot be enforced. Both are essential and vital questions bearing upon the issues presented to him and to be decided by him. The findings of the auditor on these points were within his authority and properly read to the jury.

There was evidence before the auditor that the petitioner, while performing the labor for which he here claims a lien, was also at

work for the respondent Greenlaw upon other buildings at Mount Pleasant. The accounts between the parties were confused, and the auditor devotes much of his report to their explanation and decision. Some of the payments by Greenlaw, for which the petitioner gave credit to the work at Mount Pleasant, should have been credited on this account. And the auditor, while finding that the certificate is not correct in this respect, also finds that it is not corruptly so. It does not necessarily follow, from the fact that the petitioner knowingly omitted a credit, that the jury would be justified in finding that he knowingly and wilfully claimed more than was due. It may have been done under a misapprehension, or have arisen from a confusion of the two accounts. The presiding judge properly modified the ruling asked for on this point by instructing the jury, that the fact that the petitioner omitted the credit was a fact for them to consider, as bearing upon the question whether he knowingly and wilfully claimed more than was due.

It does not clearly appear that Allen, who was the mortgagee, and was advancing money to Greenlaw to pay for the buildings in process of erection on the land, had any authority from Greenlaw to pay the $250 to the plaintiff. It was properly left to the jury to determine that question.

It is also urged, that as Greenlaw did not own the land when he made the contract with the petitioner, no lien ever attached in favor of the petitioner for the labor performed and furnished under the contract. The material facts are, that on November 6, the plaintiff made an oral contract with Greenlaw to lay the bricks for six houses on the land in question. On November 9, Greenlaw took his deed of the land from Allen. On November 23, Greenlaw being then the owner, the petitioner commenced to work under his contract made on November 6 ; and no question is made that he did so with Greenlaw's consent. The case differs from *Hayes* v. *Fessenden*, 106 Mass. 228, relied on by the respondents. In that case Hayes made his contract with Fessenden, who was not the owner of the land at the time ; the consent of the owner was not obtained ; and Fessenden did not become the owner till after the work was completed. There was no labor performed by virtue of an agreement with or by consent of the owner, and no lien attached under the Gen. Sts. *c.* 150. But in

this case the work was done by consent of Greenlaw after he became owner, and a lien attaches by the terms of the statute. This lien is not to be defeated because the oral agreement to do the work was made before Greenlaw took his deed.

*Exceptions overruled.*