## DAVIS W. SAUNDERS *vs.* FRANK A. BENNETT.

Worcester. October 2, 3, 1893. — October 26, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Mechanic's Lien — Mortgage — " Consent " of Owner of Land — Estoppel.*

A. furnished labor in erecting a building under a contract with B., who at that time was in possession of the land under a contract to purchase it. C., the owner of the land, knew that the labor was being furnished. While the work was in progress, B. received a conveyance, and, as a part of the same transaction, gave a mortgage to D., who, at the time when he took the mortgage, knew that the labor had not been paid for. *Held,* that A. could maintain a mechanic's lien only for the labor furnished after the date of the conveyance to B.; and that it was subject to the mortgage to D.

The facts that the owner of land, upon which a building was being erected by A. under a contract with B., who was in possession of the land under a contract to purchase it, knew that the labor was being furnished, and that he spoke with B. about furnishing a frame for the house, do not import " consent " on his part in such sense as to satisfy the Pub. Sts. c. 191, § 1.

That B., who was in possession of land under a contract to purchase it, and subsequently received a conveyance of it, said that he was the owner of the land upon which A. furnished labor in erecting a building, and that A. dealt with

him believing that he was the owner, do not entitle A. to maintain a mechanic's lien against B. for the labor performed before the conveyance, on the ground of estoppel.

HOLMES, J.    This is a petition to establish a mechanic's lien for labor in erecting a building. The respondent Bennett made the contract with the petitioner. At that time Bennett was in possession of the land under a contract to purchase it. Priest, the managing owner of the land, knew that the labor was being furnished. While the work was in progress Bennett received a conveyance, and, as part of the same transaction, gave a mortgage to one Pierce. When Pierce took the mortgage he knew that the labor had not been paid for, but it does not appear that he knew it before that moment. The court ruled that the lien could be maintained only for the labor furnished after the date of the conveyance to Bennett, and that it was subject to the mortgage to Pierce, evidently taking the ground that only from and after the moment of the conveyance and mortgage was the labor performed " by consent of the owner of such building," within Pub. Sts. c. 191, § 1.

The facts that Priest knew that the labor was being furnished, and that he spoke with Bennett about furnishing a frame for the house, do not import consent on his part in such sense as to satisfy the statute. Consent has been treated as meaning conduct expressive of consent. *Hayes* v. *Fessenden*, 106 Mass. 228. It may be that silence is such conduct under some circumstances ; but as the petitioner did not know that Priest was an owner, and as it does not appear that Priest knew who was doing the work, or under what contract he was doing it, or that any lien was or might be claimed by any one, Priest's silence ought not to have such a meaning attributed to it in this case. *Hayes* v. *Fessenden*, 106 Mass. 228, 230. *Conant* v. *Brackett*, 112 Mass. 18. *Davis* v. *Humphrey*, 112 Mass. 309, 314.    *O'Conner* v. *Hurley*, 147 Mass. 145, 148. Again, the case is not like those where the contract between the owner and the purchaser requires the latter to build, and thus by implication authorizes him to employ the necessary workmen. *McCue* v. *Whitwell*, 156 Mass. 205, 207. *Carew* v. *Stubbs*, 155 Mass. 549, 551.

*Hayes* v. *Fessenden*, 106 Mass. 228, 231, also shows that Bennett cannot be regarded as the owner within the meaning of the

statute before the moment of the conveyance to him, notwithstanding his subsequent acquisition of title. Other decisions establish that his merely instantaneous seisin at that moment did not give the petitioner priority over the mortgage executed at the same time as part of the same transaction. *Perkins* v. *Davis*, 120 Mass. 408. *Ettridge* v. *Bassett*, 136 Mass. 314, 317. See *Woodward* v. *Sartwell*, 129 Mass. 210, 211. If, at the moment of the mortgage, there was no lien as against Bennett, of course there could be none as against the mortgagee.

In view of what we have said, the only ground on which a lien for the petitioner's labor before the conveyance to Bennett could be claimed as against Bennett, although not as against the mortgagee, is that Bennett estopped himself by saying that he was the owner of the land, and that the petitioner dealt with him believing that he was the owner. It is not set forth in the report that the petitioner's belief was due to Bennett's statement, and we cannot assume the fact. It is unnecessary, therefore, to consider whether there could be a lien by estoppel, or otherwise than by actually conforming to the statutory conditions.

The question whether the court was right in allowing a lien for the labor furnished after Bennett got his title, is not open on the report. *Judgment accordingly.*

*C. S. Hayden*, for the petitioner.
*H. Parker*, for the respondent.