JOHN A. COURTEMANCHE *vs.* BLACKSTONE VALLEY STREET RAILWAY COMPANY.

Worcester.    October 8, 1897. — January 4, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Mechanic's Lien* — " *Consent* " *of Owner of Land.*

The owner of land agreed orally with A. to sell the land to B., and A. made a contract with C. to erect a building on the land, the owner of which had nothing to do with the contract. C. erected the building under his contract. The owner of the land, who knew of the erection of the building as the work went on but authorized no part of the work, prepared a deed, but held it as security for the purchase money until the building was almost completed, when the land was paid for by B. and the deed delivered. *Held,* upon a petition by C. to enforce a mechanic's lien, that there was no " consent " of the owner of the land, within the meaning of Pub. Sts. c. 191, § 1.

An interest under a parol agreement to purchase land is not enough to make one an owner who can create a mechanic's lien thereon.

A person who becomes the owner of land before the completion of a building which is being erected thereon under an entire contract between A. and B., and who, after becoming such owner, consents to the continuance of B. in the performance of his work under the contract, will be held to have consented to the whole work included in the contract, so as to enable B. to maintain a mechanic's lien therefor, under Pub. Sts. c. 191.

PETITION to enforce a mechanic's lien, under Pub. Sts. c. 191. The case was submitted to the Superior Court; and, after judgment for the petitioner, to this court, on appeal, upon agreed facts, in substance as follows.

The petitioner was employed by the Worcester Engineering Company, which was under a contract with the respondent to build its railroad and equip the same, under date of October 16, 1895. The petitioner performed and furnished labor, under an entire contract, on the car barn. The statement, duly filed in the registry of deeds, is conceded to be true; and if the petitioner

is entitled to enforce his lien, the sum of $2,359.50, and interest thereon from the date of the writ, August 24, 1896, would be the amount thereof.   The description of the property intended to be covered was also duly filed in the registry of deeds.   If the petitioner is entitled to recover only the amount for labor after the delivery of the deeds mentioned below, then the amount should be $25.   The heirs of Bridget Mulcahy owned the land, and in November, 1895, orally made a contract with the Worcester Engineering Company to sell the land to the respondent for $362.20.   The deeds to convey the title were dated and acknowledged on December 5 and 19, 1895, but were not delivered to the respondent, nor was the land paid for, until June 2, 1896.   In November, 1895, the heirs of Bridget Mulcahy knew of the survey for the erection of the barn on the premises, and lived during the whole time of its erection within two hundred feet therefrom, with an unobstructed view of the same.   The deeds were held as security for the purchase money by the grantors during the whole progress of its erection, from their date to their recording, with full knowledge that the barn was being built thereon.   The contract under which the petitioner did the work was dated December 3, 1895, and work was begun on December 5, 1895, and concluded on August 1, 1896.   The claim of lien was filed on August 22, 1896.   The labor was performed and furnished in the construction of the barn with the knowledge and consent of the Worcester Engineering Company, both before and after the deeds were delivered.   The respondent knew that the work was being performed, and on July 1, 1896, the president of the respondent had the barn opened to allow the petitioner to do work for the purpose of completing the barn and extending the time for filing his claim of lien for work thereon.

W. S. B. *Hopkins* & F. B. *Smith*, for the respondent.

W. A. *Gile*, for the petitioner.

KNOWLTON, J.   This case is submitted on an agreed statement of facts, and no inferences can be drawn in favor of either party.   *Old Colony Railroad* v. *Wilder*, 137 Mass. 536.   *Mayhew* v. *Durfee*, 138 Mass. 584.   The burden is on the petitioner, and unless the facts agreed are all that the law requires to establish his case, he cannot recover.

Until the building was nearly completed, the heirs of Bridget

Mulcahy were the owners of the land on which it was erected. They had orally agreed with the Worcester Engineering Company to sell this land to the respondent, but they had nothing to do with the contract for the erection of the building. They gave the respondent no title, but, having prepared deeds, they held them as security for the purchase money until the barn was almost completed. It does not appear that they authorized any work to be done on the land in such a way as to create a charge upon their interest in it, or consented to the erection of the building otherwise than upon the sole credit of the Worcester Engineering Company, or of the respondent as the owner of it. All that appears is that they knew of the purpose to erect the building, and of the erection of it as the work went on. In this particular the case seems to be covered by the decisions in *Hayes* v. *Fessenden,* 106 Mass. 228, *Perkins* v. *Davis,* 120 Mass. 408, and *Saunders* v. *Bennett,* 160 Mass. 48. We are of opinion that not enough is stated to show consent of the heirs of Bridget Mulcahy, as matter of law, within the meaning of the Pub. Sts. c. 191, § 1, and thus to bring the case within the decisions in which consent is held to be implied from the nature of the contract. See *Hilton* v. *Merrill,* 106 Mass. 528 ; *Davis* v. *Humphrey,* 112 Mass. 309 ; *Smith* v. *Norris,* 120 Mass. 58 ; *Carew* v. *Stubbs,* 155 Mass. 549 ; *McCue* v. *Whitwell,* 156 Mass. 205 ; *Borden* v. *Mercer,* 163 Mass. 7. Whether such consent could be inferred from the facts stated, if we were at liberty to draw inferences of fact, need not be determined.

As the petitioner cannot maintain his lien on the ground of the consent of these heirs, the question arises whether he can have a lien for anything, and if so for how much, on the ground that the labor was performed or furnished by consent of the respondent owner. It is held in the cases first above cited that an interest under a parol agreement to purchase land is not enough to make one an owner who can create a lien. It therefore follows that no lien was created prior to the delivery of the deed. But on the delivery of the deed the respondent became the owner, and a lien would exist for work done afterwards by its consent. A small part of the work was done afterwards. We think the facts presented should be interpreted as a statement that the work done after the delivery of the deed was done

by the respondent's consent.   We also think that, under the facts stated, this consent applied to the doing of the work as a part of what was called for under an entire contract between the petitioner and the Worcester Engineering Company.   In *Davis* v. *Humphrey*, 112 Mass. 309, 315, in reference to similar facts, this language is used: "There is no question that Goodwin knew that Davis was building for Humphrey under some agreement with him; whether he knew the precise terms of the agreement is not important.   Under these circumstances his consent that Davis should build must be taken to be a consent that he should build for Humphrey as agreed upon; or in other words, to do all which his contract with Humphrey required.   Such consent covers the work performed under such contract, and must be held to include that which had been done when the consent was given, as well as that which was afterwards done in completion of the contract."   A somewhat similar decision was made in *Corbett* v. *Greenlaw*, 117 Mass. 167.   We are of opinion that under the facts of the present case, inasmuch as the respondent was the sole owner of the land by a record title when the last part of the petitioner's work was done, and no other party was interested in it, the respondent's consent to the continuance of the petitioner in the performance of his work under an entire contract should be held to be a consent to the whole work included in the contract, so as to have the same effect under the statute as if the owner's consent had been given in advance. We do not intimate that its consent would be so construed as against the previously existing rights of mortgagees or others. In *Saunders* v. *Bennett*, 160 Mass. 48, the report under which the case was argued did not show whether the work was done under an entire contract or not, and the question whether the owner's consent to the work done after he received the deed applied to that which was done before was not presented by counsel nor considered by the court.

*Judgment affirmed.*