CHESTER SPRAGUE & another *vs.* A. P. BROWN & another.

Middlesex.    January 8, 1901. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

Whether a seisin is instantaneous must depend upon all the facts and circumstances of the case. If there is no dispute in regard to the facts, the question whether the seisin was instantaneous is one of law for the court. If the facts are in dispute, the question is for the jury under suitable instructions.

A finding of a jury, that a deed from A. to B. and a mortgage from B. to C. "were delivered simultaneously at the Registry of Deeds" on a certain day, does not conclusively show that the deed and mortgage constituted parts of one transaction in which the seisin was instantaneous, and in the absence of a finding by the jury that the seisin was instantaneous, it cannot be said to be so as a matter of law.

If, in a suit to establish a mechanic's lien as against a mortgagee from A., it appears that A. had only an instantaneous seisin of the land on which the lien is claimed, yet if it also appears that A. falsely represented to the petitioner that he was the owner of the land and thereby induced the petitioner to enter into the contract under which his lien is claimed, and the mortgagee when he took his mortgage knew of the petitioner's claim of lien and also of the false representation and inducement, whether the mortgagee as well as A. would not be estopped to deny A.'s ownership of the land, *quære.*

PETITION to enforce a mechanic's lien for lumber furnished for a building erected on certain land in Watertown under a contract with one A. P. Brown against said Brown and Frank E. Sanborn, mortgagee of the said land, filed July 22, 1896.

At the trial in the Superior Court, the following questions were submitted to the jury and answered by them in writing as follows:

" 1. Did the petitioners in the above entitled action furnish the materials set forth in their petition, or any part thereof, and were they actually used, in the erection, alteration or repair of the building upon the premises described in said petition ? " " Yes."

" 2. Did the petitioners furnish the materials upon the building by virtue of an agreement with the owner or with any person or persons having authority from or acting for the owner ? " " Yes." " If there was such an agreement, what was its date ? " "February 4, 1896."

" 3. Did the respondent Brown have authority from the owner of the land to erect a building on the premises described in the petition ? " " Yes."

" 4. Did the petitioners within thirty days after they ceased to furnish materials for said building, file in the Registry of Deeds a statement as prescribed by Pub. Sts. c. 191, § 6, and the amendments thereof ? " " Yes."

" 5. Did the petitioners commence their suit within ninety days after they ceased to furnish materials upon the building ? " " Yes."

" 6. Did the petitioners perform their contract ? " " Yes."

" 7. Are the prices charged by the petitioners in their account a reasonable charge for the materials furnished ? " " Yes."

" 8. Was the owner of the land the purchaser of the materials from the petitioners ? " " Not at the time the contract was made, but was April 14, 1896."

" 9. Did the petitioners give notice in writing to the owner of the property to be affected by the lien before furnishing the materials that they intended to claim a lien ? " " No."

" 10. Was there any contract between the petitioners and the respondent Brown made at a time when Brown held the title to the property prior to the delivery of the mortgage by Brown to the respondent Sanborn, under which the petitioners furnished the materials, or any portion of them ? " " The only express contract was that made on February 4, prior to the mortgage, and which still continued in force at the time the mortgage was given. The deed from Lyman to Brown and the mortgage from Brown to Sanborn were delivered simultaneously at the Registry of Deeds on April 14, 1896."

"11. Did the respondent Brown, prior to the time of making the contract with the petitioners, represent to the petitioner Sprague that he, Brown, was the owner of the lot of land or premises described in the petition?" "Yes."

"12. Was such representation made by Brown with knowledge of its falsity and for the purpose of inducing the petitioners to furnish materials for the erection of a building on the lot in the belief that they were furnishing them to the owner and would have a lien upon the land therefor?" "Yes."

"13. Did the petitioners believe and rely upon such representation, and were they induced thereby to make the contract for furnishing materials and to furnish the materials?" "Yes."

"14. Was such representation a material inducement to the petitioners to enter into the contract and furnish the materials, so that the petitioners would not have made the contract but for such representation?" "Yes."

"15. Did the respondent mortgagee, Frank E. Sanborn, know at the time he took his mortgage upon the premises that the petitioners had a claim for materials furnished to Brown and used upon the premises described in the petition for which they had not been paid?" "Yes."

"16. Did the respondent mortgagee, Frank E. Sanborn, know at the time he took his mortgage upon the premises described in the petition that the petitioners had a claim of lien upon the premises for materials furnished upon the premises?" "Yes."

"17. Did the respondent mortgagee, Frank E. Sanborn, at the time he took his mortgage, know of the fraudulent or false representations of Brown to the plaintiffs in relation to Brown's ownership of the land upon which the building was to be erected." "Yes."

Upon the motion of the petitioners, the Superior Court made a decree establishing the lien and ordering a sale; and the respondent Frank E. Sanborn appealed.

*J. W. Spaulding*, for Sanborn.

*J. H. Vahey & G. L. Mayberry*, for the petitioners.

MORTON, J. This is a petition to enforce a mechanic's lien. Certain issues were submitted to the jury, seventeen in all, which were duly answered by them, and on motion of the petitioners

that "a lien be established upon the lot of land described in the petition, for the amount of their claim," a decree was entered that, "it appearing . . . that the allegations in the plaintiffs' petition, material to the judgment in this case, are sustained," there was due the petitioners the sum of $577.69 debt and costs, and it was ordered that the premises be sold pursuant to the provisions of law in such case made and provided. From this decree the respondent Sanborn, the mortgagee, appealed. No ruling was asked for by him, and no exception was taken by him. The case is before us on the petition, the answer of the respondent Sanborn, the issues to the jury and their answers thereto, the petitioners' motion that a lien be established, the decree, and the respondent Sanborn's appeal therefrom. The question which the mortgagee seeks to raise is whether upon the issues submitted to the jury and their answers the petitioners are entitled to maintain their lien. But it does not appear from the record that no other evidence was before the court than that embraced in the issues and the answers to them. For aught that appears other evidence may have been introduced. If there was other evidence then the appeal only raises the question whether upon all the evidence the decree was correct. It does not raise the question whether upon the issues and answers the petitioners were entitled to a decree. Very likely the issues and answers were all that was before the court as the basis of its decree. But it is not so stated and we must take the case as we find it.

Even if we assume, however, that the question which the mortgagee seeks to raise is properly raised, we think that the decree must be affirmed. The mortgagee contends that Brown's seisin was only instantaneous. But the jury did not so find. What they found was that, "The deed from Lyman to Brown and the mortgage from Brown to Sanborn were delivered simultaneously at the Registry of Deeds on April 14, 1896." It does not follow conclusively that because the delivery of the two instruments was simultaneous they constituted parts of one transaction in which the seisin was instantaneous. *Webster* v. *Campbell*, 1 Allen, 313. They may have been so delivered as matter of convenience merely. Whether a seisin is instantaneous "must depend upon all the facts and circumstances of the case."

*Webster* v. *Campbell, ubi supra.* If there is no dispute in regard to the facts the question whether the seisin was instantaneous is one of law for the court. If the facts are in dispute the question is for the jury under suitable instructions. *Woodward* v. *Sartwell,* 129 Mass. 210. In the present case no issue was submitted to the jury in regard to the question of instantaneous seisin. Apparently the mortgagee relies on the finding that the delivery of the deed and the mortgage were simultaneous to establish an instantaneous seisin. But for reasons already given we do not think that it follows as matter of law that the seisin was instantaneous because the delivery of the two instruments was simultaneous. In *Saunders* v. *Bennett,* 160 Mass. 48, it is expressly stated that the conveyance and mortgage were parts of the same transaction. In *Ettridge* v. *Bassett,* 136 Mass. 314, 315, it is also expressly stated that " The warranty deed, mortgages, and agreement were executed and delivered at the same time, and as parts of the same transaction," and in *Perkins* v. *Davis,* 120 Mass. 408, there was evidence which this court held would have justified a finding that there was an instantaneous seisin. Whether in this case the issues and answers would have justified a finding that Brown's seisin was only instantaneous we need not inquire. The question is not whether such a finding would have been justified but whether it was required as matter of law, and we do not think that it was. If Brown's seisin was not instantaneous, then the petitioners had a valid lien. *Corbett* v. *Greenlaw,* 117 Mass. 167. *Courtemanche* v. *Blackstone Valley Street Railway,* 170 Mass. 50, 53. In view of the findings of the jury that Brown falsely represented to the petitioners that he was the owner of the premises, that the petitioners were induced thereby to enter into the agreement which they did with him, and that the mortgagee when he took his mortgage knew that the petitioners had a claim of lien on the premises and that Brown had falsely represented to them that he was the owner, we doubt whether the mortgagee would stand in any better position than Brown even if the seisin was an instantaneous one. It is not necessary however to consider that question. For the other reasons above stated we think that the decree should be affimed.

*So ordered.*