ROBERT H. MCDOWELL & others *vs.* JOTHAM C. ROCKWOOD & another.

Suffolk.   March 5, 1902. — October 30, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Mechanic's Lien.   Relation Back.*

Where labor and materials are furnished together under an entire contract in which it is impossible to separate the price of the labor from that of the materials, and no lien for the materials can be established because the purchaser was not the owner of the property to be affected and no notice in writing of an intention to claim a lien was given before the materials were furnished, as required by Pub. Sts. c. 191, § 3, (R. L. c. 197, § 3,) there can be no lien for the labor.

Where a contract for materials is made with a purchaser who then is not the owner of the property on which the materials are to be used and, after part of the materials are furnished, the purchaser acquires the property and accepts and uses the rest of the materials thereon, first having made a mortgage of the property, no lien for any part of the materials can be established as against the mortgagee, whether or not the remaining materials were furnished and used with his consent; although had not the mortgage intervened a lien for all the materials could be enforced against the owner.

An act cannot operate by relation to affect intervening rights of third persons.

THREE PETITIONS, filed respectively December 20, 1895, January 30, 1896, and February 4, 1896, to enforce mechanics' liens for labor and materials furnished under contracts made with the respondent Rockwood and used in the erection of a certain building on Capen Street in that part of Boston called Dorchester.

In the Superior Court the cases were tried before *Richardson,* J.   The respondent Rockwood was defaulted and the suits were defended by the respondent Conant claiming title under a

mortgage given to him by Rockwood and subsequently foreclosed. It appeared that after the making of the three contracts in question and after part of the labor and materials had been furnished, the respondent Rockwood acquired the premises by a deed from Helen F. King.

The following issues were framed by the judge and submitted to the jury:

1. Were the labor or materials of the petitioners which were furnished before the delivery of the deed from King to Rockwood furnished with the consent of the owner or of any person having authority from or rightfully acting for the owner in procuring or furnishing such labor or materials?

2. Were the labor or materials of the petitioners which were furnished after the delivery of the deed from King to Rockwood furnished with the consent, given prior to the delivery of that deed, of the owner at the time of such consent, or of any person having authority from or rightfully acting for such owner in procuring or furnishing such labor or materials?

3. Were the labor and materials of the petitioners furnished with the consent of the respondent Conant or of any person having authority from or rightfully acting for him in procuring or furnishing such labor and materials?

After the first two issues had been framed the cases were sent to an auditor, who answered the first and second issues in the negative. The third issue was framed on motion of the petitioners after the auditor's report had been filed. The respondent objected to the framing of this issue on the ground that it was immaterial, and appealed from the allowance of the motion. Later the respondent objected to the admission of any evidence relating to the third issue and to the submission of that issue to the jury, on the ground that the issue was immaterial, but the judge admitted the evidence and submitted the issue to the jury, and the respondent excepted.

The jury answered each of the issues in the affirmative. The judge refused a ruling requested by the respondent, which is stated by the court, gave a ruling also stated by the court, and ordered the liens established and the premises sold for the purpose of satisfying them. The respondent Conant alleged exceptions.

The case was argued at the bar in March, 1902, and afterwards was submitted on briefs to all the justices.

*D. L. Smith,* (*E. C. Jenney & W. B. Grant* with him,) for the petitioners.

*W. H. White,* for the respondent Conant.

KNOWLTON, J. These are three petitions to enforce mechanics' liens. The claims in two of them are for labor and materials furnished in the erection of a building under an entire contract, for a stated price, and the other is for materials only. The contracts were with a person who was not the owner when they were made, nor during the early part of the time while they were being performed, although he has since become the owner. He has been defaulted in these suits, and the party now defending is a mortgagee who took his title after the contracts were made, and after performance of them was begun, but before it was completed.

We may assume in favor of the petitioners that there was no error in the trial of the first two issues to the jury, and that, on the evidence and the findings, the petitioners would be entitled to a lien against the owner if the rights of the mortgagee had not intervened. The third issue presented a question whether the labor and materials were furnished with the consent of the mortgagee. He objected to the framing of this issue on the ground that it was immaterial, and appealed from the order of the court directing it to be framed. We may also assume in favor of the petitioners that the proceedings on the trial of this issue were free from error except for the reason that the issue was immaterial. After the jury had given answers upon these issues favorable to the petitioners, there was a hearing before the court upon an agreed statement of facts and the issues and answers. It appearing that the contracts relied on by the petitioners were not with the owner of the real estate, and that no notice was given of an intention to claim a lien for materials, the respondent requested the presiding judge to rule that the title under the mortgage had priority over the claim of the joint petitioners whose claim was for materials only, " for the reason that the owner of the premises was not the purchaser of the materials for which they claimed a lien, and that they did not, before furnishing said materials, give notice in writing to the owner of the

premises, as required by Section 3 of Chapter 191 of the Public Statutes." The presiding judge refused so to rule, and ruled that all of the petitioners were entitled to maintain liens upon the premises for the amounts set forth in their petitions, respectively, and "that said liens and each of them had priority over any right, title or interest of the respondent in said premises, and the respondent duly excepted." The judge then ordered that the premises be sold for the purpose of satisfying the liens of the several petitioners, and "the respondent not waiving his exceptions duly appealed."

The statute referred to in the request for a ruling expressly provides that no lien shall be maintained for materials, if the purchaser is not the owner, unless a notice in writing of an intention to claim a lien is given to the owner before the materials are furnished. This covers the case in which the claim is for materials only. It has repeatedly been held to apply also to cases in which labor and materials are furnished together under an entire contract, in which it is impossible to separate the price of the labor from that of the materials. *French* v. *Hussey*, 159 Mass. 206. *Angier* v. *Bay State Distilling Co.* 178 Mass. 163. In each of the first two cases before the court the labor and materials were furnished under an entire contract, and there is no attempt to separate the amount to be paid for labor from that due for materials. See Pub. Sts. c. 191, §§ 2-6; R. L. c. 197, §§ 2-6. It is therefore clear that at the time of the conveyance of the real estate, and at the time of the making of the mortgage, a part of the materials under an entire contract having been furnished, there was no lien for any part of the labor and materials, because no notice in writing had been given of an intention to claim a lien for materials. It is equally clear that, as the title then stood, the petitioners, under their contracts, could not create a lien for materials.

The petitioners rely on the rule stated in *Courtemanche* v. *Blackstone Valley Street Railway*, 170 Mass. 50, and *Anderson* v. *Berg*, 174 Mass. 404, under which it was held that if real estate on which a lien is claimed is conveyed, and if the new owner accepts labor and materials subsequently furnished to him in the improvement of the property, under conditions which would create a lien for that which is then furnished, there is not only a lien

for the part so furnished, but, if it was under an entire contract which includes that which was furnished before he became the owner, his acceptance of further performance of the contract is an adoption as owner of all that had previously been done under it, and creates a lien for that which was furnished before he became the owner as well as for that which was furnished afterwards. In the first of these two cases referred to there is a plain intimation that such action by the new owner cannot create a lien as against an outstanding mortgage. It now becomes necessary to consider further the rights of mortgagees as against such action.

The Pub. Sts. c. 191, § 5, (R. L. c. 197, § 5,) is as follows: " The lien shall not avail or be of force against a mortgage actually existing and duly recorded prior to the date of the contract under which the lien is claimed." The obvious purpose of the Legislature in this provision was to recognize the right of a mortgagee, who takes the title and succeeds to the rights of the owner, to take the property, subject only to such liens, or rights to acquire a lien, as then exist against the owner. The word " contract " in this section means a contract under which there is an existing lien, or an existing right which may ripen into a lien without further action or concession on the part of the owner. The mortgagee takes the property as he finds it. If there is an existing lien upon it, it can be enforced, notwithstanding his mortgage. If there is a contract right, under which, as against the owner, the claimant can go on and create a lien without further action, recognition, or concession by the owner, the mortgagee takes subject to it. But the mortgagee takes the owner's legal title and succeeds to his rights. After the mortgage is made, the owner, as against the mortgagee, can do nothing to create a lien. " The contract under which the lien is claimed " is not effectual to create a lien against the mortgage, if it requires, to give it efficacy, a subsequent act of acceptance or recognition by the owner. In the cases covered by the above cited decisions on which the petitioners rely, the contract was not effectual to create a lien at the time of the transfer of title to the new owner. It subsequently became so only by virtue of the act of the new owner after his acquisition of the title gave him the control of the property, with the power to create a lien upon it for mate-

rials by the mere acceptance of them under a contract, without notice in writing that the person furnishing them intends to claim a lien. After the owner has parted with his title to a mortgagee, he has no power, as against the mortgagee, to do that which will create a lien under a contract which was insufficient to give a lien against the owner of the title under conditions existing when the mortgage was made. The contract existing when the mortgage is made, in the case supposed, is not such a contract as is impliedly given effect against a subsequent mortgage by the Pub. Sts. c. 191, § 5, because it is not a contract which then gives a lien against the owner of the title. In the cases cited the lien for previously furnished materials was created only through the act of acceptance of the new owner, in his new relation to the title, in reference to that which was subsequently furnished under an entire contract. When the materials were furnished and accepted under his original contract after his acquisition of the title the purchaser was the owner, and as to them, in reference to the title which he then owned, no notice in writing was necessary.

The principle applicable to his adoption or affirmance of the contract, in this new relation, is like that applicable to the ratification of an unauthorized act of an agent. So far as the principal is personally concerned, such a ratification relates back to the time of the act; but it has no effect against the rights of third persons acquired before the ratification. *Sturtevant* v. *Robinson*, 18 Pick. 175. *Baird* v. *Williams*, 19 Pick. 381. *Whiting* v. *Massachusetts Mutual Life Ins. Co.* 129 Mass. 240.

The consent of the mortgagee, found by the jury in answering the third issue, has no independent effect, for two reasons: first, the statute does not provide for the creation of a lien through the consent of a mortgagee, and no lien of this kind can come into existence except under the statute; and secondly, under the statute the consent of a person holding the title does not give a lien for materials under a contract made with another person, unless a notice in writing of the intention to claim a lien is given to the holder of the title before the materials are furnished. In this respect the statute does not put a mortgagee in a worse position than a general owner. A majority of the court is of opinion that the entry should be

*Exceptions sustained.*