JAMES A. ROCHFORD *vs.* THOMAS J. ROCHFORD & others.

Middlesex.    January 11, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Mechanic's Lien. Mortgage,* Of real estate.

If a contract is made to build a house for a person who has not yet acquired the land on which it is to be built, and if that person on subsequently purchasing the land simultaneously gives a mortgage back to secure the purchase money, and then allows the building of the house to go on until completed under the contract made by him before he bought the land, under Pub. Sts. c. 191, § 5, the contractor who built the house can establish no lien for the labor and materials which will be good against the mortgagee who has recorded his mortgage.

PETITION, filed May 7, 1897, under Pub. Sts. c. 191, § 1, to enforce a mechanic's lien on certain real estate in Newton.

In the Superior Court the case was tried before *Mason*, C. J. By the auditor's report filed in the case it appeared that the petition was filed by James A. Rochford under an alleged oral agreement to erect a house on the land for the entire price of $3,500. This agreement was with his son Thomas J. Rochford, who at the time of the oral agreement was alleged to have been made did not have title to the land, but got a deed later from the owner, Winsor Gleason.

A mortgage was given by Thomas J. Rochford to Winsor Gleason dated November 16, 1896, and was recorded the next day. A deed from Winsor Gleason to Thomas J. Rochford was executed and delivered on November 16, 1896. The auditor found that Winsor Gleason was the owner of the land, and that the delivery of the deed and that of the mortgage were simultaneous and part of the same transaction.

Thomas J. Rochford, the respondent named in the petition as the owner, died April 18, 1902, and his brother John C. Rochford was appointed administrator of his estate and attended the hearings before the auditor, although it did not appear whether he had entered his appearance in the cases or formally had become a party.

Martha M. Atkins, one of the respondents, claimed under a mortgage from Thomas J. Rochford to her dated February 10, 1897.

Issues were framed for the jury, which with the answers of the jury to each were as follows:

" 1. Was the mortgage of Thomas J. Rochford to Martha M. Atkins, dated February 10, 1897, given in payment of, and in substitution for, the mortgage of said Rochford to Winsor Gleason, dated November 16, 1896? By direction of the court, the jury answer, No.

" 2. What was the date of the contract under which the petitioner claims? The jury answer, November 9, 1896.

" 3. On what date was the mortgage of Thomas Rochford to Winsor Gleason first both actually existing and duly recorded? The jury answer, actually existing November 16, 1896, recorded November 17, 1896.

" 4. Was said mortgage to Winsor Gleason actually existing and duly recorded prior to the date of the contract under which the petitioner claims ?   The jury answer, No.

" 5. What amount, if anything, is due the petitioner for labor performed and materials furnished on the house on said premises under said contract?   The jury answer, $917.46.

" 6. When did the petitioner perform or furnish labor last under his contract?   The jury answer, April 17, 1897.

" 7. When did petitioner furnish and use material last under his contract?   The jury answer, April 17, 1897.

" 8. Has the petitioner knowingly and wilfully claimed more than is due him ?   The jury answer, No.

" 9. Was the petitioner the real owner of the premises when he performed and furnished labor as he has alleged ?   The jury answer, No.

" 10. Did the petitioner say or do anything to falsely or fraudulently induce the mortgagees mentioned in the first issue to take their mortgages, or to make payments thereunder, or any one claiming under said mortgages to do so ?   The jury answer, No."

The judge on consideration of the findings of the jury, the facts as reported by the auditor so far as applicable to the issues raised by the pleadings and not technically covered by the findings of the jury, and the record evidence of the conduct of the case, made a decree establishing the petitioner's lien for the sum of $1,305.54.   The judge made the following memorandum :

" The court rules that upon the findings of the jury the petitioner's lien is not subject to the mortgage from Thomas J. Rochford to Winsor Gleason dated November 16, 1896.   See *Dixon* v. *Hyndman*, 177 Mass. 506."

The respondents alleged exceptions.

*E. A. Whitman*, for the respondents Atkins and Clark.

*D. Benshimol*, for the petitioner.

BRALEY, J.   If the mortgage given by Thomas J. Rochford to Winsor Gleason is entitled to priority over an entire contract for labor and materials made between the petitioner and the mortgagor, any lien arising out of the contract attached to the equity of redemption only, and not to an unincumbered fee.

At the date of the contract Gleason owned the land, and al-

though negotiations were pending with Thomas J. Rochford for its purchase, it is found by the auditor that any work done before the title passed was performed without his consent as owner of the land, nor does it appear that any notice was given to him of an intention to claim a lien for materials.

No lien therefore would have attached for labor already performed or furnished, or materials furnished, if any, before the negotiations, if they had not ripened into a sale. *French* v. *Hussey*, 159 Mass. 206.

It is not shown clearly how far the work had progressed at the date of the deed, but it may be inferred that the construction of the house from the date of the contract to its completion proceeded in the usual manner without substantial interruption.

If no rights in the property were involved except those arising between the petitioner and the respondent Rochford, then, as owner of the land when the house was finished, he could be found by his consent to the continuation of the work after the conveyance to have ratified what had preceded, and as the lien attached from day to day as the work was done, or materials were furnished, his ratification would relate back to the beginning and embrace the whole amount. *Courtemanche* v. *Blackstone Valley Street Railway*, 170 Mass. 50, 53. *Anderson* v. *Berg*, 174 Mass. 404.

But against the mortgagee no lien attaches in such a case unless the contract out of which it springs is made after the mortgagor has become owner, for the legal title fixed by his ownership is the terminus from which incumbrancers, whether by way of a mortgage duly recorded or of a lien duly created, must reckon their rank to claims on the land. *Courtemanche* v. *Blackstone Valley Street Railway*, *ubi supra*. *McDowell* v. *Rockwood*, 182 Mass. 150, 154.

Before November 16, 1896, and until the delivery of the deed on that day the petitioner had no lien, or a contract which could result in a lien, for work or materials against Gleason the owner of the land.

By the transaction, when the title passed, Thomas J. Rochford is found to have gained only a momentary seisin of an unincumbered estate, which was immediately transformed into an equity

of redemption by his mortgage made to the grantor presumably to secure a part of the purchase money  And as he made no contract with the petitioner after he became owner and before the mortgage was recorded, it retained priority over any lien that could grow out of their original agreement.  *Webster* v. *Campbell*, 1 Allen, 313.  *Ettridge* v. *Bassett*, 136 Mass. 314. *Saunders* v. *Bennett*, 160 Mass. 48.  *Sprague* v. *Brown*, 178 Mass. 220, 224.

It is urged, however, by the petitioner that the decision made in *Dixon* v. *Hyndman*, 177 Mass. 506, supports his right as paramount.

The contract under which the lien was claimed in that case was made with the owners after they had received the title deed, and given a mortgage back, but before either had been recorded.  Both the deed and mortgage were signed and acknowledged on April 29, 1897, again acknowledged on July 10, 1897, and recorded on July 12, 1897.  There was evidence that the occasion of the delay was that another mortgage given to raise money for purposes of construction should have priority over the original mortgage, but it was found by the referee who heard the case on the evidence, that the title deed had been delivered on April 29, 1897, and the grantees were the owners of the land on which the lien was claimed on and after that date. The mortgage, though it had been delivered, was not recorded until after the date of the contract, and while it also was found that the petitioner knew of its existence before he furnished the materials for which he claimed a lien, it was held that actual notice was insufficient under the statute, and the lien outranked the unrecorded mortgage.

In the present case no contract was made after the respondent Rochford became the owner, within the time elapsing between the delivery and recording of the mortgage, and none is implied against the mortgagee from the subsequent adoption of the work and ratification of the original contract.  *Courtemanche* v. *Blackstone Valley Street Railway* and *McDowell* v. *Rockwood*, *ubi supra.*

*Exceptions sustained.*