JAMES A. ROCHFORD *vs.* THOMAS J. ROCHFORD & others.

Middlesex.   March 13, 1906. — June 19, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Mechanic's Lien.   Practice, Civil, Verdict.*

If, at the trial of a petition to establish a mechanic's lien, issues are framed for the jury and the answers of the jury to certain of the issues are agreed upon by the parties, and if among those agreed upon is the issue " What amount, if anything, is due the petitioner for labor performed and materials furnished on the house on said premises under said contract," and the answer is "$917.46," this disposes of an objection by the respondent that the petitioner abandoned his contract, and if there is no other objection warrants a decree for the petitioner.

MORTON, J.   This is a petition to enforce a mechanic's lien for labor and materials under an entire contract. Issues were framed for a jury and the case was then sent to an auditor. After the auditor reported, the case was submitted to a jury upon the issues which had been framed. By direction of the judge the jury answered the first issue in the negative which

was in the petitioner's favor. No question is raised, however, as to the correctness of that ruling. The parties agreed upon the answers to all the remaining issues, except nine and ten, the last two, and the case went to the jury on those two issues both of which were answered in the negative and in the petitioner's favor. As a result of the trial a decree was entered in favor of the petitioner. Exceptions were taken by the respondents Atkins and Clark which were sustained. See *Rochford* v. *Rochford*, 188 Mass. 108, which it is agreed in the exceptions may be referred to, and where the issues that were framed appear. The case went back to the Superior Court and that court "on consideration of the findings of the jury, the facts as reported by the auditor so far as applicable to the issues raised by the pleadings which are not technically covered by the findings of the jury, neither party offering any other evidence" entered a decree establishing the lien, subject to the mortgage, for the amount for which it had been previously established. The respondents Atkins and Clark objected to the entry of the decree, and contended that the petitioner had abandoned his contract, but the judge ruled that on the face of the record a decree could be entered for the petitioner and entered the above decree. The case is here on exceptions by the respondents Atkins and Clark to the entry of this decree.

The respondents contend that the contract was abandoned by the petitioner. This is their only contention. If the petitioner wilfully abandoned his contract and broke it without any excuse he is not entitled to recover and cannot maintain his petition. *General Fire Extinguisher Co.* v. *Chaplin*, 183 Mass. 375. But no issue was submitted to the jury on this point and it appears that the parties agreed to the answers by the jury to all of the issues except the first and ninth and tenth. The fifth issue was, "What amount, if anything, is due the petitioner for labor performed and materials furnished on the house on said premises under said contract?", and the answer was $917.46. This answer was inconsistent with an abandonment of the contract. And even if the question of abandonment was properly raised and the auditor's report contained evidence in relation to it, it cannot be said in view of the answer of the jury to the fifth issue that the decree in favor of the petitioner was unwarranted, and that the ruling

of the judge, that on the face of the record he could give the petitioner a decree, was wrong.

*Exceptions overruled.*

*B. E. Kemp*, for the respondents Atkins and Clark.

*D. Benshimol*, for the petitioner, was not called upon.