FRANK McCRORY & others vs. JOSEPH F. ADAMS & another.

Suffolk. December 9, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Mechanic's Lien. Mortgage.*

The owner of a tract of unimproved land, which had been divided into six lots, mortgaged it as one tract. A subsequent owner of the equity of redemption gave a second mortgage of the entire tract and later obtained a release of the first mortgage as to two of the lots. About a year later the second mortgagee foreclosed his mortgage by entry and sale, and the purchaser at the sale employed workmen to build houses on the tract, one on each lot, and then mortgaged the premises again. The workmen then filed statements of liens claimed on the tract as a whole and a petition to enforce the liens. At the trial of the petition it appeared that, while the petitioners performed work on all of the houses, there was no evidence as to the amount of labor performed by them upon any separate or individual house or lot, and that, subsequent to the filing of the petition, the first mortgage had been foreclosed and the four lots to which it applied had been sold at foreclosure sale to one who conveyed them to the respondent, and that, at a foreclosure sale under the last mortgage, the respondent also had purchased the interest then sold. The trial judge ordered that the lien be established as to the entire tract subject to the first mortgage as to four of the lots and to the last mortgage as to all of them. The respondent alleged exceptions. *Held,* that the exceptions of the respondent must be sustained, because the foreclosure of the first mortgage barred the liens as to the four lots then subject to it, and there was no evidence on which a finding could be based as to the amount of labor any of the petitioners had performed on the two lots which were unaffected by that foreclosure.

PETITION, filed in the East Boston District Court on March 28, 1910, for the enforcement of mechanics' liens claimed by four petitioners upon a tract of land on Wilshire Street and Paine Street in Winthrop, which included lots 20 to 25, both inclusive, as shown on a "Plan of Winthrop Park." The petition alleged that Joseph F. Adams was the owner of the premises when certain contracts were made by the petitioners and that he was the owner at the time of the filing of the petition. Edmund K. Baker also was a respondent.

On appeal to the Superior Court, the petition was heard by *Hall,* J.

It appeared that in April, 1908, the premises were owned by one Wilshire, and then were subject to a mortgage, which is designated in the opinion as the first mortgage.

The record states that in August, 1908, Olaf P. Chronquast gave a mortgage of the premises to the respondent Edmund K. Baker, but it nowhere describes whence Chronquast received title. This mortgage is referred to in the opinion as the second mortgage.

In November, 1908, lots 20 and 21 were released from the first mortgage to Chronquast.

On October 4, 1909, Baker foreclosed the second mortgage by entry and sale, and on October 15 the premises were sold to the respondent Adams. The deed pursuant to the sale was executed and acknowledged by Baker and was delivered to John E. Eaton, Esquire, "who was agent and attorney for Baker, attorney for Chronquast and . . . Adams."

On October 17, 1909, the petitioners made agreements with Chronquast, who acted for Adams, for the performance of labor in the erection of buildings on the lots. Three of the petitioners began work on October 21.

On October 22, 1909, Adams delivered to Mr. Eaton a mortgage of all the lots, described as one parcel. Mr. Eaton within ten minutes thereafter recorded the foreclosure deed of Baker to Adams and the mortgage of Adams to Baker simultaneously.

On October 26 the fourth petitioner began work.

All the petitioners performed labor on five separate houses situated on the premises, each of the houses being on one of the lots which were comprised in the premises. There was no evidence in the case as to the amount of labor performed by the petitioners or any of them upon any separate or individual house or lot.

By a foreclosure and sale under the first mortgage, lots 22, 23, 24 and 25 were sold in September, 1910, to one Garrettson, who on November 15, 1910, conveyed them to Baker.

On November 8, 1910, after a sale in foreclosure of the mortgage of Adams to him, Baker conveyed all of the lots as one parcel to himself.

The judge found and ruled that the petitioners were entitled to establish their respective liens upon the equity of redemption

in the premises held by Adams subject to the first, or Wilshire, mortgage on that portion of the premises designated as lots 22, 23, 24 and 25, and subject also to the mortgage given by Adams to Baker upon the entire premises. The petitioners and the respondent Baker alleged exceptions.

*F. W. McGowan*, for the petitioners.

*C. H. Dow*, for the respondent Baker.

BRALEY, J. The premises on which the petitioners severally claim a mechanic's lien for labor performed were subject at the date of the contracts to two mortgages, respectively described in the petitioner's exceptions as a ground mortgage and a construction loan mortgage, to which reference hereafter will be made as the first and second mortgage. It appears that the entire parcel had been divided into building lots as shown by a plan, but each mortgage, while referring to the lots as numbered, described the tract as a whole. The first mortgage was given by a prior owner before any building operations were begun. It is impossible from the obscure bills of exceptions to trace the title of one Chronquast, who is stated to have been the owner of the equity of redemption and with whom the petitioners dealt when they contracted to perform labor on five separate houses situated on the premises, "each of said houses being on one of the lots," as stated in the respondent's exceptions.

The liens attached only to the interest of the owner, which is described in the statement of lien as consisting of but one tract, without reference to any particular lot, although the numbers are given. If the title had remained unchanged, the petitioners subject to the first mortgage apparently could have enforced their liens against the interest in the premises of the respondent Adams, the purchaser at the foreclosure sale under the second mortgage held by the respondent Baker, as the judge's finding which was warranted by the evidence shows, that Adams had given Chronquast authority to represent him, and in employing the petitioners he was rightfully acting in his behalf. *Vickery* v. *Richardson*, 189 Mass. 53. *McDowell* v. *Rockwood*, 182 Mass. 150. *Gale* v. *Blaikie*, 126 Mass. 274. But after foreclosure of the second mortgage, a foreclosure of the first mortgage followed, and upon delivery of the deed to the purchaser the title to all the land passed with the exception of two lots, which by their designated numbers had

been released by the mortgagee to Chronquast before the contracts with the lienors.

It is obvious that, but for the partial release, the liens had been extinguished, as it does not appear that there were any surplus proceeds. *Gray* v. *McClellan*, 214 Mass. 92. *Whelan* v. *Exchange Trust Co.* 214 Mass. 121. The release, however, could only preserve the liens in so far as they attached to and were enforceable against the released lots. *Orr* v. *Fuller*, 172 Mass. 597. But the petition, which follows the statements of lien, shows, as we have said, no separate lien for work performed on the houses erected on these lots. The petitioners having treated the tract as indivisible and subject to liens for the entire work, it results that the liens cannot be enforced against the portion sold, and, there being no evidence on which a finding could be based as to the amount of labor any of the petitioners had performed thereon, the petition cannot be maintained as to these lots. *Donnelly* v. *Butler*, 216 Mass. 41, and cases cited. It is unnecessary to consider further the effect on the title of the foreclosure, and subsequent transfers under the second mortgage.

The refusal of the judge to make the findings of fact requested by the petitioners affords no ground of exception. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. And the rulings requested became immaterial. If given, there was no estate left to which the liens could attach, or the court could order sold, and their exceptions must be overruled.

The exceptions of the respondent Baker, who was made a party presumably by reason of his having become the mortgagee of Adams and under the contention of the petitioners that with knowledge of what was going on he had consented to the completion of the houses, must be sustained. *Gray* v. *McClellan*, 214 Mass. 92, 96. The judge for reasons previously stated should have ruled, as this respondent requested, that on all the evidence the petitioners were not entitled to their respective liens.

*Ordered accordingly in each case.*